UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARCUS FLEMING                                                                     PLAINTIFF

V.                                      CIVIL ACTION NO. 3:18-CV-477-DPJ-FKB

AMERICAN AIRLINES, INC.                                        DEFENDANT

ORDER

Defendant American Airlines, Inc. ("American") filed a Motion to Dismiss or in the alternative, Motion to Compel Pre-Discovery Disclosure Requirements and Discovery Responses [14].[1] For the reasons that follow, American's motion to compel is granted, but its motion to dismiss is denied without prejudice.

I.      Facts and Procedural History

Plaintiff Marcus Fleming says a brown recluse spider bit him on an American flight in September 2016. Compl. [1-1] ¶ 4. Although he sued American in Rankin County Circuit Court, American removed the case to this Court, where the magistrate judge entered a Case Management Order on September 14, 2018. Among other provisions, that Order required the parties to "fully comply with the pre-discovery disclosure requirements of [Federal Rule of Civil Procedure] 26(a)(1)" and Local Rules "16(d) and 26(a) by September 25, 2018." Order [9] at 2. The Order also set a March 20, 2019 discovery deadline.

On September 28, 2018, American served discovery requests on Fleming. Nearly three months later, having received neither discovery responses nor Fleming's pre-discovery disclosures, American filed its first Motion to Compel. Mot. [13]. Judge Ball denied that motion

---

[1] Movant files the motion on behalf of "Air Wisconsin, LLC[,] erroneously sued as American Airlines." Mot. [14] at 1. For ease of reference, the Court will refer to Defendant as American, the named defendant.

for American's failure to participate in a discovery conference as required by the Case Management Order, and on January 9, 2019, Judge Ball held a telephonic discovery conference with the parties to discuss the outstanding discovery issues.

On January 21, 2019, having still not received either Fleming's pre-discovery disclosures or his responses to its September discovery requests, American filed the instant motion. In it, American asks

> for an Order of Dismissal for Plaintiff's Failure to Comply with the Case Management Order entered in this matter on September 14, 2018. In the Alternative, Defendant moves this Court for an Order compelling the Plaintiff to accurately respond to the Pre-Discovery Disclosures [and] Defendant's First Set of Interrogatories and Requests for Production of Documents. Further, Defendant moves that the Court Order that the Plaintiff's objections, if any, to discovery be waived. Finally, the Defendant moves that the Court Order that Plaintiff pays reasonable attorney fees, costs and expenses incurred in filing this Motion.

Mot. [14] at 3. The deadline for Fleming to respond to the motion came and went with no response, and on March 18, 2019, Judge Ball entered a Show Cause Order, requiring Fleming to respond to the motion on or before April 1, 2019. Order [16].

On April 1, 2019, Fleming filed three documents: a Notice of Service of Response to Interrogatories [17], a Notice of Service of Response to Request for Production [18], and a half-page Response to the Order to Show Cause [19]. In the latter document, Fleming's attorney explains that "[d]ue to the fact that Mr. Fleming has been incarcerated and counsel for Plaintiff has been serving in the state legislature, it has been very difficult for [counsel] to have access to [Plaintiff]." Resp. [19] ¶ 2. He further represented that he had mailed Fleming's discovery responses to Defendant "via first class mail on this date." Id. ¶ 4.[2]

---

[2] Although he has not sought one, Fleming argues that "[u]nder Mississippi law persons serving in the legislature are entitled to an automatic continuance." Pl.'s Resp. [19] ¶ 3. He presumably refers to Mississippi Code section 11-1-9, which allows legislators to obtain continuances. But this state procedural rule does not apply in federal court. *See United States v. Onu*, 730 F.2d

2

Unsure whether Fleming's apparent compliance with the discovery requests mooted American's motion, the Court directed American to file a rebuttal in support of its motion, which American did on April 18. According to American, as of that date, "Plaintiff has yet to provide any documents or information to the Defendant." Rebuttal [20] at 2. In particular, American notes that, though Fleming's counsel claimed to have mailed discovery responses (but not the long overdue pre-discovery disclosures) on April 1, American had yet to receive them. Its three follow-up emails to Fleming's attorney—on April 1, April 2, and April 9—requesting that the discovery responses be emailed to American's counsel went unanswered. Therefore, citing only cases decided by the Mississippi Supreme Court and Mississippi Court of Appeals, American "renew[ed] its Motion for an Order of Dismissal pursuant to [Federal Rules of Civil Procedure] 41(b) and/or 37(b)." *Id.* at 4.

II. Analysis

Federal Rule of Civil Procedure 37 permits the Court to sanction discovery violations—including failure to make required disclosures or to respond to discovery requests—with an order of dismissal. But

> several factors . . . must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Moore v. CITGO Refining & Chems. Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (quoting *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008)) (internal quotation marks omitted).

---

253, 257 (5th Cir. 1984) (addressing similar Texas statute); *see also* Miss. Code Ann. § 11-1-9 (limiting application to matters "before any court of this state").

American does not address these factors—or even identify them as providing the controlling test—instead relying on inapplicable state-law cases. So while the Court agrees that Fleming's conduct may and should be sanctioned under Rule 37, the Court cannot dismiss the case under Rule 37 on this record.[3] The request for dismissal is denied without prejudice.

That said, Fleming's pre-discovery disclosures are now six to seven months overdue, and American never received the already delinquent discovery responses. Therefore, American's alternative motion to compel is granted, and Fleming is ordered to provide pre-discovery disclosures and complete, verified discovery responses to American's counsel, via email, within 10 days of the entry of this Order. Fleming should have no trouble meeting this deadline because the Court accepts counsel's representation that the responses were already finalized and mailed on April 1, 2019. Failure to comply with this Order may result in further sanctions—including possible dismissal—if American so moves. If Fleming complies, the parties should contact Judge Ball's chambers to set the case for a status conference to amend the Case Management Order, as the discovery deadline has now expired.

Finally, as to American's remaining requests, pursuant to Federal Rule of Civil Procedure 33(b)(4), Fleming waived any objections he has to American's interrogatories unless the Court excuses his failure to timely object "for good cause." To the extent Fleming wishes to object to any of the discovery requests, he should be prepared to demonstrate good cause for the delay. American's request for its reasonable fees, costs, and expenses incurred in filing this motion is

---

[3] Similar requirements apply to dismissals under Rule 41(b). *See Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (stating that "the same criteria developed for evaluating dismissals for failure to prosecute under [Rule] 41(b) are to be applied in a [R]ule 16(f) case" and explaining that "most courts affirming dismissals have found at least one of three aggravating factors: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct").

granted, because even if Fleming mailed the responses in April, they were already late, and he still has not provided disclosures. American should submit an affidavit properly documenting those amounts within 10 days of the entry of this Order; Fleming will be given 14 days to file a response if he finds the fees unreasonable.

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, American's Motion to Dismiss or in the alternative, Motion to Compel Pre-Discovery Disclosure Requirements and Discovery Responses [14] is granted in part. Fleming is ordered to provide pre-discovery disclosures and discovery responses to American's counsel, via email, within 10 days of the entry of this Order. American's request for fees, costs, and expenses is granted, and American is directed to file a supporting affidavit within 10 days of the entry of this Order. The motion to dismiss is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 21st day of June, 2019.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE